IGNACIO FIGUEROA, peticionario, *v.* LA CORTE DE DISTRITO DE GUAYAMA, HON. TULIO RODRÍGUEZ, JUEZ, demandada.

No. 727.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Noviembre 28, 1930.

*C. Domínguez Rubio,* abogado del peticionario; *R. A. Gómez,* abogado de *El Pueblo.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ignacio Figueroa solicitó de esta Corte Suprema la expedición de un auto de *certiorari* dirigido a la corte de Distrito

de Guayama, porque a su juicio el procedimiento que se estaba siguiendo en la dicha corte para removerlo de su cargo de tutor de la menor Isabel Figueroa Bernier, no era el autorizado por la ley. El auto fué expedido y los procedimientos remitidos por la corte de distrito, celebrándose la vista con la sola asistencia del fiscal, el día 3 de noviembre en curso.

Se alega en la solicitud que el peticionario a su instancia fué nombrado por la corte de distrito tutor de su sobrina menor de edad Isabel Figueroa Bernier; que prestó fianza y archivó el juramento de ley; que el 5 de mayo último el fiscal del distrito, dentro del propio expediente de la tutela, presentó una solicitud en la cual hizo constar que a virtud de una investigación que practicara en una querella establecida contra el peticionario, resultaban motivos para su remoción del cargo de tutor, haciendo constar además que el tutor no había rendido informe o cuenta alguna de la tutela y observaba para con su pupila una conducta reprochable.

Entregada copia de la solicitud del fiscal el abogado del peticionario, éste alegó que el procedimiento seguido no se ajustaba a la ley, porque la remoción sólo se podía exigir en un pleito ordinario y no dentro de un expediente de jurisdicción voluntaria.

Celebrada la vista de la moción del peticionario, la corte la declaró sin lugar y el peticionario acudió entonces en *certiorari* a este Tribunal Supremo.

Fija el Código Civil en su artículo 265 quiénes no pueden ser tutores y en el 266, con el anterior íntimamente enlazado, quiénes deben ser removidos de la tutela. El siguiente artículo 267 dice:

"La corte de distrito no podrá declarar la incapacidad de los tutores, ni acordar su remoción, sin citarlos y oírlos, si se presentaren."

Invoca el peticionario la autoridad de Manresa, que al

comentar el artículo 239 del antiguo Código Civil equivalente al 267, dice:

"Orígínase, pues, un verdadero juicio, cuyas partes son: de un lado, el que hubiese pedido la remoción o, advertido de que procedía, el consejo mismo; y de otro, el tutor o protutor acusado. A la ley de Enjuiciamiento civil corresponde ordenar el procedimiento que para ello haya de emplearse, y, sin duda, así se hará en la reforma necesaria para ponerla en armonía con el Código. Mientras tanto el consejo señalará el término que prudencialmente estime necesario para oír al tutor, y dictará después su resolución motivada." 2 Manresa, Código Civil Español, 265.

Como puede verse, el comentario de Manresa se refiere al consejo de familia que tenía entonces los poderes que hoy tienen las cortes de distrito, y habla de lo que correspondía ordenar a la Ley de Enjuiciamiento Civil.

Nada especialmente dispone nuestro vigente Código de Enjuiciamiento Civil sobre el caso y no vemos que exista razón alguna de peso para que la petición de remoción no pueda presentarse dentro del expediente mismo de la tutela. Al contrario, parece lo lógico que así sea.

Lo que la ley ordena es que no se podrá declarar la incapacidad de un tutor, ni acordar su remoción sin citarlo y oírlo, si se presentare. La citación y la audiencia, con práctica de prueba, pueden tener lugar con todas las garantías necesarias y a la vez con la rapidez que las circunstancias demanden, dentro del incidente que se inicie por moción en el procedimiento sobre tutela. Tal nos parece el debido proceso de ley.

El propio comentarista—Manresa—citado por el peticionario, en el párrafo anterior al invocado, dice:

"Relaciónanse ambos artículos estrechamente, hasta el punto de completarse refiriéndose a un mismo acto. Por ellos se viene a modificar, aunque sin menoscabo de la defensa del tutor y del buen proceder del consejo de familia, lo dispuesto en la ley de Enjuiciamiento civil, según la cual (art. 1879), para decretar la separación de los tutores y curadores, es indispensable oírlos y vencerlos en juicio, sin

que pudieran ser removidos por acto de jurisdicción voluntaria.''
2 Manresa, Código Civil Español, página 264.

*Debe anularse el auto expedido devolviéndose el caso a la dicha corte para que continúe tramitándolo de acuerdo con la ley.*

El Juez Asociado Señor Texidor no intervino.